UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. CV 18-9278-R (KS) | Date: November 2, 2018 |
| Title *Roger Moussa v. Ventura County* | |

Present: The Honorable: Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION**

## I. The Petition

On October 30, 2018, Roger Moussa ("Petitioner"), a pretrial detainee in Ventura County custody who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). (Dkt. No.1.)

Petitioner characterizes his claims for relief as the following: (1) "no warrant presented" for arrest/ "falsified declaration for arrest"; (2) "failure to provide documents in a timely manner" – to wit, official police report and official complaint; (3) interference with "right to fair bail"; (4) obstruction of justice, encompassing "deprivation of fair and unbiased hearing" and "lack of equitable and competent counsel"; and (5) violation of Petitioner's right to a speedy trial. (Petition at 2-5.)

Petitioner also presents the following factual allegations. In July, Petitioner was falsely arrested in San Francisco by a National Park Ranger for illegal camping and turned over to the San Francisco Police Department due to an outstanding warrant from Ventura County. (Petition at 6.) San Francisco held Petitioner for the five days and then released him without a court date, and Petitioner assumed the Ventura County warrant had been dropped. (Petition at 6-7.) In August, Petitioner was again falsely arrested without a warrant by San Francisco police officers. (Petition at 7.) Petitioner learned the Ventura County Sheriff's Office had issued a no bail warrant. (Petition at 7.) On the seventh day of detention, Petitioner was transported to Sacramento and he overnighted at the Monterey County Jail. (Petition at 7.) The following day he was booked by the Ventura County Sheriff's Office and kept in a holding cell with another

inmate who had smashed a police car window with his forehead, was intoxicated, and who punched Petitioner in the face. (Petition at 8.) Petitioner's glasses were destroyed in the altercation. (Petition at 8.) Petitioner requested an incident report but none was issued. (Petition at 8.) Petitioner believes the attack on him was "intentional and premeditated by V.C.S.O." (Petition at 8.) Petitioner was offered protective custody but he declined. (Petition at 8.) Petitioner was then arraigned on a felony possession of an explosive charge (California Health and Safety Code § 12305) and two charges of felony possession of a destructive device (California Penal Code § 18715) "well outside the statute of limitations." (Petition at 9.) After his bail review hearing, Petitioner learned that the District Attorney had presented falsified records double counting a trespassing charge and reporting a 1993 marijuana misdemeanor conviction "as the felony they tried to charge [Petitioner] with." (Petition at 9-10.) The District Attorney tried to "defame" Petitioner's character at the bail review hearing by mentioning a prior false charge from Alameda County and presenting "unsubstantiated hearsay libel by the witness alluding to drug abuse and mental issues." (Petition at 10.) The District Attorney "maliciously and intentionally fabricated an unspecified conviction in Ventura County, clearly constituting perjury along with prosecutorial misconduct and obstruction of justice." (Petition at 10.) Petitioner's counsel failed to provide him with vital documents until after the hearing. (Petition at 10.) Petitioner's counsel also "ignored" Petitioner's claims of perjury and prosecutorial misconduct. (*See* Petition at 11.) Petitioner contends that the main witness against him "perjured herself, intentionally and maliciously." (Petition at 12.) Defense counsel failed to procure exculpatory evidence identified by Petitioner and failed to allow Petitioner to make a phone call to his parents or friends, thereby "forfeiting [Petitioner's] right to exercise bail." (Petition at 13.) Defense counsel also ignored Petitioner's request to file a motion to dismiss the Information against him and refused to aid Petitioner in writing the instant Petition. (Petition at 14.) "Currently, the case has been 'arraigned on Information,' or basically refiled for the 3rd time, without just cause, to circumvent [Petitioner's] right to a speedy trial, in order to coerce [Petitioner] to take a plea bargain." (Petition at 16.) The "Declaration for Arrest Warrant," which defense counsel insists is "the actual warrant" for Petitioner's arrest, asserts blatant perjury by a police officer with malicious intent but lacks a judge's signature and date. (Petition at 16-17) Petitioner also has dental issues that need immediate medical care. (Petition at 18, 19-20.)

\\
\\

## II.   The Petition Implicates the *Younger* Abstention Doctrine

Because Petitioner is not in custody pursuant to a judgment of a state court, the Court construes the Petition as arising under 28 U.S.C. § 2241, which is "available for challenges by a state prisoner who is *not in custody pursuant to a state court judgment* [such as] a defendant in pre-trial detention[.]" *Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004) (emphasis added) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004)) (holding that a pretrial detainee's request for federal habeas relief under 2241(c)(3) is properly brought). However, "[a]s an exercise of judicial restraint, … federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising [a] federal claim." *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980). For reasons of federalism and comity, *i.e.*, proper respect for state functions, federal courts abstain from interrupting state judicial proceedings. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). This is known as the *Younger* abstention doctrine ("*Younger*"). Federal courts abstain from interrupting state judicial proceedings if the proceedings (1) are ongoing, (2) implicate important state interests, and (3) afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). If these elements are met, the federal court will abstain under *Younger*.

Here, all the elements for abstention under *Younger* are satisfied. First, Petitioner's proceeding is ongoing. Second, Petitioner's claims involve California's important state interest in the order and integrity of its criminal proceedings. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"); *see also Middlesex*, 457 U.S. at 432 ("Proceedings necessary for the vindication of important state policies or for the functioning of the state judicial system also evidence the state's substantial interest in the litigation."). Finally, Petitioner has not demonstrated that he lacks an adequate opportunity to raise his federal claims in state court, either at the trial or appellate level. Therefore, *Younger* applies, and this Court must abstain.

There are exceptions to *Younger* in special or extraordinary circumstances that allow the federal courts to grant federal habeas relief despite ongoing state judicial proceedings. *Younger*, 401 U.S. at 45. However, to qualify for an exception to *Younger*, Petitioner must show: (1) that

he would suffer irreparable harm that is "both great and immediate" if the federal court declines jurisdiction; (2) that there is bad faith or harassment, on the part of California, in prosecuting him; or (3) that the California state court system is biased against Petitioner's federal claim. *See Middlesex*, 457 U.S. at 437; *Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975); *Younger*, 401 U.S. at 46. Petitioner must provide more than conclusory assertions of bias or harassment, however, he must present specific factual allegations that support a reasonable inference that bad faith, harassment and/or bias is present. *See N Grp. LLC v. Hawai'i Cty. Liquor Comm'n*, 681 F. Supp. 2d 1209, 1239 (D. Haw. 2009) (requiring the plaintiff to present "specific factual allegations" of bias and stating that the "[p]laintiff's conclusory allegation that the commissioners were motivated by 'animus' is simply insufficient"); *see also Schwartzmiller v. Roberts*, 62 F.3d 1425 (9th Cir. 1995) (unpublished) ("assertions of bad faith or harassment are insufficient if they are conclusory and unsupported by specific facts") (citing *Roberts v. Carrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)).

### III.     Order

In light of the foregoing, **IT IS ORDERED that, no later than November 23, 2018, Petitioner shall file a First Amended Petition** that includes sufficient specific factual allegations to permit a plausible inference that Petitioner satisfies one of the three exceptions to the *Younger* doctrine – that is, (1) great and immediate irreparable harm; (2) bad faith or harassment; or (3) bias. Further, **any First Amended Petition must comply with Rule 2 of the Rules Governing Section 2254 Cases** (hereinafter "Habeas Rules"), which the Court applies to this Section 2241 Petition pursuant to Rule 1(b) of those Rules. Rule 2 requires, *inter alia*, that the Petition specify the grounds for relief available to the Petitioner, state the facts supporting each ground, state the relief requested, be legible, and be signed under penalty of perjury by Petitioner. Petitioner should focus on clarifying the relationship of the facts to the claims asserted. Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2 ("it is the relationship of the facts to the claim asserted that is important"). The First Amended Petition must "state facts that point to a real possibility of constitutional error." Advisory Committee's Note on Habeas Corpus Rule 4. Allegations that are vague, conclusory, "palpably incredible," "patently frivolous or false," or unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

     Petitioner is also cautioned that a *civil rights* action, <u>not</u> a habeas corpus action, is the proper mechanism for challenging the conditions of his confinement.  *Crawford v. Bell*, 599 F.2d 890, 891-92 (9th Cir. 1979); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1990).  Accordingly, claims and allegations relating to jail officials' failure to protect Petitioner from physical harm and/or jail officials' deliberate indifference to his serious medical needs cannot be considered by a federal court sitting in habeas corpus and may be dismissed.

     Finally, the Clerk is directed to send Petitioner a copy of the Central District's form 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus and <u>Petitioner is ordered to use this form to file any First Amended Petition</u>.  As stated above, despite the fact that Petition is not in federal custody, 28 U.S.C. § 2241 is the statute governing this action because Petitioner is in pretrial detention.

     **If Petitioner does not want to pursue this action at this time, he may file a signed document entitled a Notice of Voluntary Dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure in lieu of a First Amended Petition.**

     **Petitioner's failure to comply with this Order and show cause for entertaining the Petition will result in a recommendation to dismiss the Petition.**

     **IT IS SO ORDERED.**

 

:

**Initials of Preparer**   gr